UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 91-10176-RWZ

UNITED STATES OF AMERICA

v.

LEANDRO QUINONES

ORDER
January 7, 2009

ZOBEL, D.J.

Defendant has moved for a reduction of his 360-month sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the recent amendments to the crack cocaine sentencing guidelines, U.S.S.G. § 2B1.10. The government does not object to the Guideline's two-level reduction to the base offense level which, at the low end of the Guideline, yields a sentence of 292 months imprisonment. The parties are in disagreement about the court's discretion to further lower the sentence under United States v. Booker, 543 U.S. 220 (2005), and 18 U.S.C. § 3553(a).

Defendant has served in excess of 17 years of his sentence, and in all that time he has incurred only one minor disciplinary report. On the other hand, he has participated in language classes and completed his GED. He has also taken a number of skills and social adjustment classes. His motion is supported by letters from members of his family and friends who offer him a job as well as emotional and personal support. His counsel argues eloquently for a sentence of time served.

Defendant's 360-month sentence was at the low end of the then-applicable Guideline. I have reviewed the § 3553(a) factors and determine that a reduction to the low end of the amended Guideline, 292 months, is warranted. However, I do not have the power to reduce defendant's sentence further.

The difficulty lies in the language of 18 U.S.C. § 3582(c)(2) and Guideline amendments that reduced the disparity between crack and powder cocaine and provided for retroactive application of that reduction. See U.S.S.G. § 1B1.10. With the exception of the Ninth Circuit, see United States v. Hicks, 472 F.3d 1167 (9th Cir. 2007), the appellate courts that have addressed the issue have held that district courts have no jurisdiction to reduce sentences pursuant to § 3582(c)(2) below the range the Sentencing Commission has authorized. See, e.g., United States v. Dunphy, No. 08-6919, 2009 WL 19139 (4th Cir. Jan. 5, 2009); United States v. Rhodes, No. 08-2111, 2008 WL 5102247 (10th Cir. Dec. 5, 2008). I am persuaded by the reasoning in Dunphy and Rhodes. Cf. United States v. Caraballo, No. 08-1555, 2008 WL 5274853, at *4, *5 n.4 (1st Cir. Dec. 22, 2008) (rejecting notion that Sentencing Commission policy statements are merely advisory in post-Booker world but declining to determine whether a defendant whose sentence is reduced pursuant to § 3582(c)(2) is entitled to a full re-sentencing). I therefore deny defendant's request for a sentence of less than 292 months.

4

The motion to reduce defendant's sentence is allowed, and it is ordered that he be and hereby is sentenced to a term of imprisonment of 292 months, and a period of supervised release of 10 years with the same conditions previously imposed. No fine is imposed, and the special assessment has presumably been paid.

|  |  |
|---|---|
| January 7, 2009 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |